Rupert and Elise Stuart v. Commissioner.
Stuart v. Commissioner
Docket No. 78527.
United States Tax Court
T.C. Memo 1961-186; 1961 Tax Ct. Memo LEXIS 162; 20 T.C.M. (CCH) 938; T.C.M. (RIA) 61186; June 22, 1961
*162 A. D. Freeman, Jr., Esq., Carondelet Bldg., New Orleans, La., for the petitioners. Allen T. Akin, Esq., and Robert B. Alexander, Jr., Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: Respondent determined a deficiency in income tax of the petitioners for the calendar year 1956 in the amount of $150.71. The issues for our decision are (a) whether petitioners suffered casualty losses in June and September 1956, and if the amount of either loss or both losses are allowable, and (b) whether petitioners are entitled to a deduction for the expense of maintaining an office for business purposes in their home, and, if so, the amount allowable. Findings of Fact Rupert and Elise Stuart resided at 1117 State Street, New Orleans, Louisiana, during 1956, and filed their income tax return with the district director of internal revenue at New Orleans, Louisiana. Rupert was a CPA, an attorney at law, and an instructor at Tulane University during 1956. He was in partnership with George Landwehr, CPA, with offices located at 406 Carondelet Building, New Orleans, Louisiana. They had about four employees and each had a private office. Approximately *163 one-third of Rupert's total earnings came from his law practice. Under the provisions of his accounting partnership agreement, Rupert was required to devote full time to the partnership. He did his legal work at night in an office set up at his home. The office was approximately one-eighth of his entire house, there being eight rooms in the house. The office had a built-in desk with a chair and drawers for files, a tape recorder, and typewriter. His work was mostly dictation and he made little use of the typewriter. Sunday afternoons were spent by Rupert in preparing lectures for the coming week at Tulane University. On the average, Rupert spent two or three hours three or four evenings each week in his home office on legal work. Petitioners had a telephone in their house, adjacent to the office. Elise sold real estate for a local real estate organization known as the Gardner office. She earned about $2,500 in 1956. She utilized the office in the home for interviewing prospects and preparing contracts. She also made considerable use of the telephone. Her telephone number was used in advertisements of the Gardner Company so that prospects could call her direct. Petitioners *164 claimed a deduction of $527.21 for office expenses. During June of 1956 two limbs were broken off a tree as a result of a storm. The expense of removal was $41 which was the amount claimed by petitioners as a casualty loss. In September of 1956, the front room of petitioners' home was damaged by water. The water came in from both sides and below a window and damaged the wallpaper and plaster. The plaster around this window was not repaired until 1960. The loss claimed in relation to the September damage was $125. Petitioners were not compensated, in whole or in part, by insurance for either loss. Opinion The first question before us relates to the disallowance of a claimed casualty loss of $41. Two limbs of a tree on petitioners' property were blown down by a windstorm in June 1956. The damage was the direct and immediate result of the storm. We think no discussion is necessary to establish the proposition that petitioners suffered a casualty loss. There is no direct evidence of the value of the property immediately before and after the damage was done. We think, however, that the expense of $41 for removal is some evidence of the amount of the damage and there is no evidence *165 to the contrary. See . Respondent does not contend that $41 was in excess of basis. Petitioners were not compensated for the loss by insurance and respondent does not argue that they were otherwise compensated. We hold for petitioners on this issue. As to the water damage in September, petitioners have failed to prove that the loss resulted from a casualty. Petitioners' counsel referred thereto as a casualty loss but there is no evidence to support his statement. Water damage is established, but this of itself is insufficient to show that it was the result of a casualty. There is no evidence of a sudden or destructive force, or an identifiable event in the nature of a casualty. So far as the evidence goes, the damage may have been the result of progressive deterioration. We hold for respondent on this issue. The final question involves the disallowance of any deduction for maintaining the petitioners' office in their home. We think it clear from our findings that both petitioners made substantial use of the office and that Elise, in particular, made substantial use of the telephone. Petitioners claimed a deduction for *166 expenses in this connection in the amount of $527.21. Respondent allowed nothing. There is no direct evidence in the record of specific expenditures. We think it clear, however, that petitioners are entitled to some deduction and applying our own judgment in implementing the principles established in (C.A. 2, 1930) we allow a deduction of $350. Decision will be entered under Rule 50.